IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON AND CERTAIN INSURANCE COMPANIES SUBSCRIBING TO POLICY NOS. JHB CJP-1861, JHB CJP–1959, 13PKGN9161; WALTER OIL & GAS CORPORATION; TANA EXPLORATION COMPANY, LLC; and HELIS OIL & GAS COMPANY, L.L.C.** | § § § § § § § § § | |
| Plaintiffs | § § | C.A. NO. 4:14-cv-02105 Jury |
| VS. | § § | |
| **CAMERON INTERNATIONAL CORPORATION, AXON PRESSURE PRODUCTS, INC. (F/K/A CHURCH ENERGY SERVICES, LTD.), AXON EP, INC. LLOYD'S REGISTER DRILLING INTEGRITY SERVICES, INC., ASAP INDUSTRIES, LLC, PARTEK LABORATORIES, INC., AND CAD CONTROL SYSTEMS, INC.** | § § § § § § § § § § | |
| Defendants | § | |

### PLAINTIFFS' RESPONSE TO LLOYD'S REGISTER'S MOTION TO DISMISS FIRST AMENDED COMPLAINT

The Court should deny Defendant Lloyd's Register's Rule 12(b)(6) motion to dismiss the first amended complaint (Docket No. 41) because Plaintiffs have alleged sufficient facts to make their claims for relief plausible. In the alternative, Lloyd's Register's motion should be denied on the basis of the more expansive pleading of facts included in Plaintiffs' proposed Second Amended Complaint.

I.   Nature and Stage of Proceeding

Plaintiffs filed their Complaint on July 22, 2014, seeking recovery of property and other damage resulting from a well-control event at A-3 Well (OCS-G 24980) located in South Timbalier Block 220 on the Outer Continental Shelf in the Gulf of Mexico. The Complaint names Lloyd's Register Drilling Integrity Services, Inc. as a defendant (Docket No. 1). Lloyd's Register was properly served with process (Docket No. 18), and filed a Rule 12(b)(6) motion to dismiss plaintiffs' claims on grounds that the claims lack sufficient factual specificity and fail to meet the pleading standard (Docket No. 30). Plaintiffs timely filed their first amended complaint as of right on September 15, 2014 (Docket No. 32) and Lloyd's Register filed a motion to dismiss the amended complaint on September 29, 2014 (Docket No. 41), mooting the motion to dismiss the original complaint .This response is addressed to Lloyd's Register's motion to dismiss the first amended complaint.

II.   Standard of Review

Motions to dismiss are rarely granted because they are viewed with disfavor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir.2009) (citations omitted); *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)(quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations'… ." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

2

331183.1

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). Factual allegations sufficient to raise a right to relief will be assumed true (even if doubtful in fact). *Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Thus, when considering a motion to dismiss for failure to state a claim, the court views the well-pleaded allegations in the live complaint as true and in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The facts pleaded are sufficient if they "permit the court to infer more than the mere possibility of misconduct." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011).

### III.     Argument and Relief Requested

Although this case will involve complex engineering analysis, the underlying facts and the claims those facts support are not complicated.  As alleged in the First Amended Complaint, on July 23, 2013, while the A-3 Well was undergoing a sidetrack, high pressure began flowing to the surface (Docket No. 32, p. 8). The drilling crew activated the BOP, including the blind-shear rams intended to cut the drill pipe and contain the flow, through the main and remote control panels, but the BOP failed to control the flow. The BOP and its integrated main and remote shear-ram control panel, were designed, manufactured, tested, inspected, and represented to be capable of shearing the drill pipe, cutting off the flow, and maintaining control of the well when there is flow to the surface. Plaintiffs seek to recover for damages caused by the blowout

and fire, and allege that the BOP and the control panel failed because one or both were defective.

Defendant Lloyd's Register (inspection, verification, and validation of BOP and shear-ram fitness for operation) has twice moved to dismiss the claims against it on the basis that the pleadings do not contain sufficient facts to state claims for relief. The First Amended Complaint provides a "short and plain statement of the claim showing that [Plaintiffs are] entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8). Plaintiffs have been given more than sufficient factual details for Lloyd's Register to determine its involvement and to prepare its defense, and the questions raised in its motion to dismiss will be answered during discovery. But should the Court discern any defects in the factual pleadings, Plaintiffs have moved for leave to file a Second Amended Complaint to cure those defects by providing the additional facts Lloyd's Register seeks, even though "the pleading standard Rule 8 announces does not require 'detailed factual allegations[.]' " *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

**1.      The First Amended Complaint states a claim for negligence.**

"[T]o establish liability in a negligence case, the plaintiff must show that: (1) the defendant had a duty to conform its conduct to a specific standard; (2) the defendant's conduct failed to conform to the appropriate standard; (3) the defendant's substandard conduct was a cause of the plaintiff's injuries; and (4) the risk of harm was within the scope of the breached duty." *Ford v. Pennzoil*, 974 F.Supp. 559, 565 (E.D. La. 1997) aff'd, 200 F.3d 816 (5th Cir. 1999). Lloyd's Register provides BOP-inspection services, including "compliance, inspection, independent verification and validation services[,]" and verified that the blind shear rams in the

defective BOP "were capable of shearing 5-inch drill pipe" (Docket No. 32 at ¶W). Plaintiffs allege a duty perform the inspection in accordance with industry standards, and that Lloyd's Register failed to do so, or to accurately report its findings, and that a reasonably prudent inspection would have revealed the BOP's inability to shear drill pipe and seal the well under the circumstances (Docket No. 32 at ¶ TT, UU, VV). These facts clearly satisfy the first three elements sufficient for Lloyd's Register to prepare a defense – Lloyd's Register knows the industry standards for the BOP inspection services it undertakes, and those clearly include confirming that a BOP will function as designed. It can also defend itself against allegations that it confirmed that the BOP would shear drill pipe as designed when, in fact, it was not capable of doing so. Finally, the causation is pleaded because had the BOP sheared the drill pipe and sealed the flow from the well, the damage to the platform and well would not have occurred. Finally, the risk of a blowout and fire from a failed BOP is obvious in a well-control situation even to a layman. The motion to dismiss should be denied.

**2.     The First Amended Complaint states a claim for negligent misrepresentation.**

"To make out a negligent misrepresentation claim in Louisiana: (1) there must be a legal duty on the part of the defendant to supply correct information; (2) there must be a breach of that duty, which can occur by omission as well as by affirmative misrepresentation; and (3) the breach must have caused damages to the plaintiff based on the plaintiff's reasonable reliance on the misrepresentation." *Kadlec Medical Center v. Lakeview Anesthesia Assocs.*, 527 F.3d 412, 418 (5th Cir. 2008). Lloyd's Register was hired by Walter to inspect the defective BOP in this case to confirm that it would operate as represented, and that it was fit for service. Lloyd's Register is alleged to have affirmatively represented that its inspection revealed the BOP was fit for

5

331183.1

service, but this was incorrect because the BOP failed to shear the drill pipe as it was designed to do. This is sufficient to state a claim under Louisiana law for negligent misrepresentation based upon a "representation made in the course of rending service pursuant to a contract, when made with the honest belief in its truth, but because of lack of reasonable care or an absence of skill or competence in ascertaining the facts or making the opinion[.]" *Barrie v. Exterminators, Inc.*, 625 So. 2d 1007, 1011 (La.1993). Further, the other parties working on the platform are clearly "third persons for whose benefit and guidance the report was supplied" satisfying the duty element for the remaining defendants. *Id*.; see also *Paul v. Landsafe Flood Determination, Inc.*, 550 F.3d 511, 516-17 (5th Cir. 2008). The motion to dismiss should be denied.

**2.     Plaintiff Walter states a claim for breach of warranty.**

Plaintiffs do not seek to hold Lloyd's Register liable under the LPLA, because Lloyd's Register is not a manufacturer. Thus, Lloyd's Register's arguments based upon the LPLA (Docket No. 30 at 6-8) are irrelevant. Plaintiffs withdraw their warranty claim without prejudice.  The motion to dismiss should be denied as moot in this respect.

**3.     To the extent that any pleadings are found insufficient, the Court should permit Plaintiffs to amend its pleadings.**

Federal courts have a bias in favor litigating claims on their merits. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). To this end, federal courts routinely allow amendments to cure alleged deficiencies in the pleadings. *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("The trial court may require the plaintiff to state the claim with greater particularity … where the plaintiff may

331183.1

assert a valid claim, even if inartfully stated, the liberal approach of the federal rules requires that the plaintiff be given the opportunity to state his claim… ."); *Mills v. Injury Benefits Plan of Schepps–Foremost, Inc.*, 851 F.Supp. 804, 806 (N.D. Tex. 1993)(plaintiffs should have "an opportunity to amend their complaint if it appears that a more carefully drafted complaint might state a claim upon which relief may be granted."). In the event the Court finds the first amended complaint deficient in any respect concerning the claims alleged against Lloyd's Register, Plaintiffs respectfully request the opportunity to file an amended complaint, and Plaintiffs specifically incorporate their motion for leave to file a second amended complaint as if set forth at length herein.

IV.     Conclusion

Plaintiffs respectfully request that the Court to issue an order denying Lloyd's Register's Rule 12(b)(6) motion to dismiss the first amended complaint or, in the alternative, that the Court permit Plaintiffs to amend the complaint.

                                    Respectfully submitted,

                                      /s/ *George H. Lugrin, IV*
                                    George H. Lugrin, IV
                                    Attorney-in-Charge
                                    (TX 00787930) (Fed. 16931)
                                    glugrin@hallmaineslugrin.com
                                    2800 Post Oak Boulevard, Suite 6400
                                    Houston, Texas 77056-6125
                                    Telephone:  713-871-9000
                                    Facsimile:  713-871-8962
                                    **ATTORNEY FOR PLAINTIFF UNDERWRITERS**

**OF COUNSEL:**
**HALL MAINES LUGRIN PC**
J. Clifton Hall III
(TX 00793204)(Fed. 20250)
Candace A. Ourso

(TX 24008952)(Fed. 23217)

        /s/ *Terrence K. Knister*
Terrence K. Knister
Attorney-in-Charge
(LA 07755)(Fed. 1287302)
tknister@gordonarata.com
201 St. Charles Avenue, 40th Floor
New Orleans, LA 70170-4000
Telephone: 504-582-1111
Facsimile: 504-582-1121
**ATTORNEY FOR PLAINTIFFS WALTER, TANA and HELIS**

**OF COUNSEL:**
**GORDON, ARATA, MCCOLLAM, DUPLANTIS & EAGAN, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on October 20, 2014, I electronically filed the foregoing with the Clerk of the Court for the U.S. District Court, Southern District of Texas, using the ECF system, which will send a notice of electronic filing to all counsel of record.

        /s/ *George H. Lugrin, IV*
George H. Lugrin, IV

331183.1